## STEAMBOAT BURNS.

1. A writ of error or appeal to this court cannot be sustained in the name of a steamboat, or any other than a human being, or some corporate or associated aggregation of persons.
2. The acts of the State legislatures authorizing suits to be sustained by or against steamboats by name, confer no right so to sustain them in the Federal courts.
3. Any person, however, who in the State courts has substantially made himself a party to the case, by asserting on the record his interest in the vessel, and conducting the defence in the highest court of the State, may prosecute a writ of error in his own name in this court under the 25th section of the Judiciary Act.

THESE were two cases brought before the court by what purported to be writs of error to the Supreme Court of Missouri. The writ in the first case referred to a judgment in

---

that court in a suit "between the *steamboat Burns, her tackle, &c., appellant,* and James Reynolds and James Aiken, respondents and appellees," in which "a manifest error hath happened, to the great damage of the said *steamboat, her tackle, &c.,* as by *her* complaint appears." The citation made the same recital. The writ and citation in the second case varied from this only in the names of the defendants in error.

This form of the writ was endeavored to be justified by a statute of Missouri known in that State as the Boat Law, a statute which it was said sought to establish in the State court the plan and procedure of the admiralty. By this act proceeding was authorized against the *res,* and the vessel was a good deal treated of by the language of the act as the defendant in the case. However, one section of the act (section 12th), provided that the *owner, captain, agent, consignee, or any creditor of the boat,* might appear to the action, on behalf of the boat or vessel, and plead thereto and defend the same; and another section, the 38th, that the *captain, agent, owner, consignee, or other person* interested in the boat or vessel, might *appeal or prosecute a writ of error to reverse any judgment rendered against the boat or vessel.* And, indeed, in this very case the record showed that one Adolph Keinecke had made claim in the inferior court as owner, and as such had defended the suit in the name of the steamboat. He had likewise made affidavit that he was the owner, and gave bond to enable him to appeal to the Supreme Court of the State. But instead of taking the appeal in his own name he took it in the name of the steamboat.

The question now was whether these writs could be sustained.

*Mr. Wills, with a brief of Mr. Rankin, for the plaintiff in error; Mr. G. P. Strong, contra.*

Mr. Justice MILLER delivered the opinion of the court.

It is believed to be the first time that anything but a human being, or an aggregation of human beings, called a corporation or association, has attempted to bring a writ of error or appeal in this court.

It is said in support of the writ that the proceeding below was *in rem* against the steamboat by name, and that as it was so conducted through all the State courts it should be so here.

There is nothing in the essential nature of proceedings *in rem* which justifies or requires this. Whenever the *res* is seized in admiralty proceedings proper, or in revenue or other proceedings partaking of that character, the property is condemned and sold, and with the distribution of the proceeds the case ends, unless some one appears in court as claimant either of the *res* or its proceeds. When a claimant appears he becomes a party to the proceedings, and may defend, take an appeal, or writ of error, or adopt any other proceeding that a party properly before the court may be entitled to.

It is true that in placing such cases on the dockets of our courts, and in the reports of our decisions, the name of the vessel or thing seized is often retained; but in all cases where any defensive action is taken, some person must appear and claim an interest or a right to be heard on account of his relation to the property.

It is said that the statute of Missouri allows the steamboat to be sued by name, and allows a defence to be made by the owner in the name of the vessel.

But the States cannot in this manner confer on an inanimate object, without sense, or reason, or legal capacity, the right to prosecute legal proceedings in the Federal courts. Nor does the statute under which these proceedings were had in the State court present any difficulty to a party interested in the boat, in asserting his rights. Section 12 of the Steamboat Law,* provides that the owner, captain, agent, consignee, or any creditor of the boat, may appear to the action, on behalf of the boat or vessel, and plead thereto and defend the same; and though it has been the practice to do this in the name of the vessel, it has never been held, nor do we suppose it ever will be by the State courts, that an

---

* 1 Revised Statutes of Missouri, 306.

owner cannot appear in his own name and assert his rights in the vessel.

Section 38, however, relieves the matter of all embarrassment, and shows that the framers of the statute seemed to think as we do, that when an appeal or writ of error was to take the case to a higher court, it should be by some person who asserted an interest in the vessel. With the liberal provision which that section makes for review of the judgment, there can be no necessity that we shall so far violate reason and law as to permit a steamboat to bring a suit here by writ of error.

If any person or corporation whom this court can recognize as a legal entity, capable of sustaining a suit in this court, has an interest in such a controversy, that party must connect himself with the case in such a manner as to enable himself to assert his rights here. It cannot be done in the name of a steamboat.

An examination of the records in these cases shows that Adolph Heinecke did in the inferior court claim to be the owner, and defended the suit in the name of the steamboat. He likewise made affidavit that he was the owner, and gave bond to enable him to appeal to the Supreme Court of the State. But instead of taking the appeal in his own name he took it in the name of the steamboat. We are of opinion that by a liberal construction of the record he may be so far regarded as claimant and party to the record as to enable him to bring a writ of error to this court in his own name if he shall be so advised. The present writs are

DISMISSED.