### GALLIVAN v. JONES et al.

(Circuit Court of Appeals, Ninth Circuit. May 14, 1900.)

#### No. 578.

EXECUTORS—PARTIES TO SUIT ON CLAIM AGAINST ESTATE—CALIFORNIA STATUTE.
Code Civ. Proc. Cal. § 1490 et seq., provides that claims against the estate of a decedent must be presented to the executor or administrator and to the judge of the superior court for allowance, and, if rejected, suit may be brought thereon against the executor or administrator. It also provides (section 1510) that, if the executor or administrator is a

creditor, his claim must be presented to the judge, and, if disallowed, suit may be brought thereon against the estate, and summons served upon the judge, who is authorized to appoint counsel on behalf of the estate. *Held*, that the latter section was not applicable where one of two or more executors was a creditor of the estate, but that in such case his claim should be presented for allowance to the other executors, and, if disallowed, suit should be brought against them, and not against the estate eo nomine.

In Error to the Circuit Court of the United States for the Northern District of California.

J. B. Clarke, R. Percy Wright, and Black & Leaming, for plaintiff in error.

H. G. Platt and Richard Bayne, for defendants in error.

Crittenden Thornton, amicus curiæ.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. The plaintiff in error was plaintiff in the court below. The action was commenced by him in that court, upon the ground of diverse citizenship of the parties, to recover $6,525,—the alleged value of his services as physician and surgeon, rendered to the deceased, Henry C. Nelson, during his lifetime. The original complaint alleged that by the last will of the deceased, which was duly admitted to probate on November 29, 1897, by the superior court of Colusa county, Cal., the plaintiff and the defendants J. Thad Jones, J. W. Goad, and R. E. Smith were appointed executors thereof, to all of whom letters testamentary were duly issued, and all of which executors duly qualified and entered upon the discharge of their duties. The original complaint further alleged that at all times therein mentioned the Honorable H. M. Albery was, and still is, the judge of the superior court of Colusa county, Cal., and that on or about the 10th day of October, 1898, the plaintiff presented to him his verified claim for the said services, which the said judge refused to allow as presented, but on the 10th day of November, 1898, allowed for the sum of $575. The prayer of the original complaint was for judgment against the defendants Jones, Goad, and Smith, as executors, for the sum of $6,525 and costs of suit, to be paid in due course of administration of the estate. A demurrer interposed by the defendants to the original complaint upon the ground that it did not state facts sufficient to constitute a cause of action against the defendants was sustained by the court below, with leave to the plaintiff to amend. Thereupon, and on April 13, 1899, the plaintiff filed an amended complaint, in which the estate of the deceased, Nelson, eo nomine, was made defendant, together with the original defendants; and in which the plaintiff repeated, in substance, the averments of the original complaint in respect to the rendition of his professional services to the deceased during his lifetime, their value, the death of the deceased, the probate of his will, the appointment and qualification of the plaintiff and defendant executors, and alleged that, by reason of the fact that the plaintiff is a claimant against the said es-

tate, the plaintiff is not made a defendant as executor thereof, and further alleged that on October 4, 1898, the plaintiff presented his verified claim to the defendant executors at the place designated in the notice to the creditors of the estate as the place at which all claims should be presented; that his said claim has never been allowed by the defendant executors, or any of them; that at all the times mentioned in the amended complaint the Honorable H. M. Albery was, and still is, the judge of the superior court of Colusa county, Cal.; and that on or about the 10th day of October, 1898, the plaintiff presented to him his verified claim for the said services, which claim the said judge refused to allow as presented, but on the 10th day of November 1898, allowed in the sum of $575, which allowance the plaintiff refused to accept. He prayed judgment against the defendant executors and against the estate, eo nomine, for the sum of $6,525 and costs of suit. The defendant executors thereafter moved the court to strike from the amended complaint the allegations respecting the presentation to them of the claim of the plaintiff, and their failure to allow the same, and also demurred to that pleading on the ground that it did not state facts sufficient to constitute a cause of action against them. The court below denied the motion to strike out, and overruled the demurrer of the defendant executors, whereupon they filed an answer to the amended complaint, in which they denied that the services rendered by the plaintiff to the deceased, Nelson, were of any greater value than $575, and setting up, among other things, that, under and by virtue of the provisions of section 1510 of the Code of Civil Procedure of the state of California, the defendant executors had no authority to allow or reject the plaintiff's claim, and therefore did not act upon it; that, under and by virtue of that section of the California Code, the plaintiff's claim could only be presented to the judge of the superior court of the county of Colusa, and upon its rejection suit could be brought thereon only against the estate, eo nomine, and not against the executors of the estate, each of whom, they alleged, was improperly joined with the defendant estate. To the amended complaint the defendant estate also filed a demurrer, upon the following grounds: (1) That it did not state facts sufficient to constitute a cause of action against said estate; (2) that there is a misjoinder of parties defendant therein, to wit, that the defendant executors are, and each of them is, improperly joined with the defendant estate as defendants therein; and (3) that the cause of action stated in the amended complaint against the estate of the deceased, Nelson, is barred by the provisions of section 1498 of the Code of Civil Procedure of the state of California. The court below sustained the last-mentioned demurrer on the ground that the action against the estate, eo nomine, was not commenced within the time prescribed by the statute of the state of California. Thereafter the defendant executors moved the court for judgment upon the pleadings, which motion was granted, and a judgment entered in favor of all of the defendants, dismissing the action at the plaintiff's cost, from which judgment the plaintiff sued out a writ of error, and assigned as the errors relied on for

a reversal the ruling of the court below in sustaining the demurrer of the defendant executors to the original complaint, the sustaining of the demurrer of the estate of the deceased, Nelson, to the amended complaint, the granting of the motion of the defendant executors for judgment upon the pleadings, and the entry of the judgment complained of.

If the court below was right in overruling the demurrer of the defendant executors to the amended complaint, it must have been wrong in granting their motion for judgment on the pleadings. The cause of action counted on is the implied promise of the deceased, Nelson, to pay the plaintiff the value of the services rendered by him. True, he was, by the statute of California, required, as a condition to his right to bring suit against the estate of the promisor, which had passed into the control of the probate court of Colusa county, to present his claim therefor. How and to whom? Section 1490 of the Code of Civil Procedure of California provides:

"Every executor or administrator must, immediately after his appointment, cause to be published in some newspaper of the county, if there be one, if not, then in such newspaper as may be designated by the court, a notice to the creditors of the decedent requiring all persons having claims against the estate to exhibit them, with the necessary vouchers, to the executor or administrator, at the place of his residence or business, to be specified in the notice," etc.

Section 1494 provides:

"Every claim which is due, when presented to the executor or administrator, must be supported by the affidavit of the claimant, or some one in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the affiant. If the claim be not due when presented, or be contingent, the particulars of such claim must be stated," etc.

Section 1496 provides:

"When a claim, accompanied by the affidavit required in this chapter, is presented to the executor or administrator, he must indorse thereon his allowance or rejection, with the day and date thereof. If he allow the claim, it must be presented to a judge of the superior court for his approval, who must in the same manner indorse upon it his allowance or rejection. If the executor or administrator, or the judge, refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect may, at the option of the claimant, be deemed equivalent to a rejection on the 10th day," etc.

Section 1503 provides:

"Whenever any claim is presented to an executor or administrator, or to a judge, and he is willing to allow the same in part, he must state in his indorsement the amount he is willing to allow. If the creditor refuse to accept the amount allowed in satisfaction of his claim, he shall recover no costs in any action therefor brought against the executor or administrator, unless recover a greater amount than that offered to be allowed."

Section 1500 declares:

"No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator," with an exception not pertinent to the present case.

Section 1498 provides:

"When a claim is rejected either by the executor or administrator, or a judge of the superior court, the holder must bring suit in the proper court

against the executor or administrator within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim shall be forever barred."

By section 17 of the same Code it is provided that the singular includes the plural.

Section 1510 provides that:

"If the executor or administrator is a creditor of the decedent, his claim, duly authenticated by affidavit, must be presented for allowance or rejection to a judge of the superior court, and its allowance by the judge is sufficient evidence of its correctness, and must be paid as other claims in due course of administration. If, however, the judge reject the claim, action thereon may be had against the estate by the claimant, and summons must be served upon the judge, who may appoint an attorney, at the expense of the estate, to defend the action. If the claimant recover no judgment, he must pay all costs, including defendant's reasonable attorney's fees, to be fixed by the court."

The provisions of the state statute in respect to the presentation of claims against the estate of a deceased person apply equally to all creditors, be they citizens of the same or some other state, or aliens. If, after such presentation, a controversy arises concerning the claim, an action at law or in equity may arise, of which the proper United States court may take cognizance where the requisite jurisdictional facts are shown to exist, but not until then. In the present instance the plaintiff in error presented his claim to his co-executors as well as to the judge of the probate court. His co-executors did not allow it at all, and the probate judge allowed it in part only. Thereupon a controversy arose in respect to the debt, which the plaintiff in error, being an alien, and his co-executors and the probate judge being citizens of the state of California, had the right to have determined by the court below. Clark v. Bever, 139 U. S. 97, 11 Sup. Ct. 468, 35 L. Ed. 88; Byers v. McAuley, 149 U. S. 615, 620, 13 Sup. Ct. 906, 37 L. Ed. 867. This is not directly denied on the part of the defendants in error. Their contention is that the plaintiff in error's co-executors were not suable at all; that the estate of the deceased, Nelson, eo nomine, could only be sued; and that it was not made a party to the action until after the time allowed by the state statute for the bringing of a suit on the plaintiff's cause of action had expired. But, as a matter of course, if the plaintiff in error's co-executors were not suable, the diverse citizenship of the parties requisite to give the court jurisdiction of the action would not exist; for it certainly will not be claimed that the estate of the deceased, Nelson, is a citizen of any state. "The estate of a decedent," said Mr. Justice Miller in delivering the opinion of the supreme court in Hess v. Reynolds, 113 U. S. 73, 76, 5 Sup. Ct. 378, 28 L. Ed. 928, "is neither a person nor a corporation. It can neither sue nor be sued. It consists of property, or rights to property, the title of which passes, on his death, with right of possession. according to the varying laws of the states, to executors of a will, administrators of estates, heirs or devisees, as the case may be. These parties," continued the court in the case cited, "represent, in their respective characters, the rights which have devolved on them in any controversy, legal or equitable, which may become a matter of judicial contest with other parties

having conflicting interests. In regard to controversies with debt-ors and creditors, the executor, if there be a will, or the administra-tor, if one has been appointed, represents the rights and the obliga-tions which had been those of the deceased. The right of the ad-ministrator or executor to sue in the ordinary courts of the country to enforce the payment of debts owing the decedent in his lifetime, and unpaid at his death, has always been recognized; and it is be-lieved that no system of administering the estates of decedents has changed this principle. The courts of the United States have always been open to such actions when the requisite citizenship exists, and for this purpose the citizenship of the administrator or executor con-trols, and not that of the decedent. So, also, until recent times, the administrator or executor was liable to be sued in the ordinary courts, whether state or national, on obligations contracted by the decedent; and such is probably the law of most of the states of the Union at this day. To such a suit the administrator could, at common law, have pleaded that there were no assets in his hands unadministered, or he could have denied the cause of action set up by plaintiff. How far a denial of assets would be a good plea now depends on the stat-utes of the various states, and the various modes of obtaining equality of distribution among creditors where there is not enough to pay all. Such suits, in the absence of any controlling law, can be brought, and have been brought, in the courts of the United States, where the requisites of jurisdiction between the parties exist. This jurisdic-tion of the courts of the United States, in controversies between citi-zens of different states, cannot be ousted or annulled by statutes of the states assuming to confer it exclusively on their own courts. It may be convenient that all debts to be paid out of the assets of a deceased man's estate shall be established in the court to which the law of the domicile has confided the general administration of these assets; and the courts of the United States will pay respect to this principle, in the execution of the process enforcing their judgments out of these assets, so far as the demands of justice require. But neither the principle of convenience, nor the statutes of a state, can deprive them of jurisdiction to hear and determine a controversy between citizens of different states, when such a controversy is dis-tinctly presented, because the judgment may affect the administration or distribution in another forum of the assets of the decedent's estate. The controverted question of debt or no debt is one which, if the rep-resentative of the decedent is a citizen of a state different from that of the other party, the party properly situated has a right, given by the constitution of the United States, to have tried, originally or by removal, in a court of the United States, which cannot be defeated by state statutes enacted for the more convenient settlement of es-tates of decedents."

In the case of The Burns, 9 Wall. 237, 19 L. Ed. 620, it was at-tempted to sustain certain writs of error by virtue of the statute of Missouri known in that state as the "Boat Law," by which act pro-ceeding was authorized against the res, and the vessel was a good deal treated of by the act as the defendant in the case. In the course of its opinion the supreme court observed:

"It is said that the statute of Missouri allows the steamboat to be sued by name, and allows a defense to be made by the owner in the name of the vessel. But the states cannot in this manner confer on an inanimate object, without sense or reason or legal capacity, the right to prosecute legal pro·ceedings in the federal courts."

For the same reason it would be very difficult to resist the conclusion that the states cannot, should the attempt be made, in a case like the one at bar, where there are executors representing the rights of the estate, and capable of acting in their representative capacity, provide that they cannot be sued, but that an inanimate object,—the estate, eo nomine,—without sense or reason or legal capacity, should be; thereby ousting the jurisdiction of the federal court in a case, like the present one, where the plaintiff would otherwise have the constitutional right to have the controverted question of debt or no debt determined by a federal court. However, we do not find it necessary to decide that question; for we do not find that the supreme court of California has ever held that by the terms of the statute of that state, the provisions of which are quoted above, the estate, eo nomine, only can be sued by an executor having a claim against it in cases where there are more than one executor of the estate duly qualified and acting, which is the exact case at bar; nor does our construction of the provisions of the California statute lead to any such result. Sections 1490, 1494, 1496, 1503, 1500, and 1498 of the Code of Civil Procedure of California are manifestly general provisions, by which provision is made for the publication by the executor or executors, administrator or administrators, as the case may be, of a notice to the creditors of the decedent, requiring all persons having claims against the estate to exhibit them, with the necessary vouchers, to the executor or executors, administrator or administrators, as the case may be, at a designated place and within a designated time. It is also thereby declared how claims shall be verified, and provision is then made for their allowance or rejection by the executor or executors, administrator or administrators, as the case may be, and by the probate judge. It is then provided by section 1498 that "when a claim is rejected either by the executor or administrator, or a judge of the superior court, the holder must bring suit in the proper court against the executor or administrator within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim shall be forever barred"; and by section 1500 it is declared that "no holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator," with an exception not important to mention. These provisions clearly cover and apply to cases where there is more than one executor or administrator, and one of them is a creditor of the estate; for in all such cases there is a qualified representative of the estate, capable of acting, and who is by the statute required to act, on the claim. But the legislature of the state recognized the fact that there might be cases in which there would be but one executor or administrator, who himself might have a claim against the estate, and, further, that the judge of the probate court might be a creditor of the

estate, in neither of which instances should the claim be passed upon by the claimant himself. So provision was made for each of such cases,—in the case of the judge, by section 1495, which provides, "Any judge of a superior court may present a claim against the estate of a decedent for allowance to the executor or administrator thereof; and if the executor or administrator allows the claim, he must, in writing, designate some judge of the superior court of an adjoining county, who, upon the presentation of the claim to him, is vested with the same power to allow or reject it as he would have if the will had been proved or administration granted in his own county; and the judge presenting such claim, in case of its rejection by the executor or administrator, or by such judge as shall have acted upon it, has the same right to sue in the proper court for its recovery as other persons have when their claims against an estate are rejected;" and in the case of a single executor or administrator, who is also a creditor of the estate, by section 1510 already quoted. These are plainly special provisions to meet the particular cases provided for, and are inapplicable to cases covered by the preceding general provisions. No decision of the supreme court of the state otherwise construing these provisions of the state statute has been called to our attention, nor have we been able to find one. We must therefore construe the provisions for ourselves, which seem to us plain enough. The judgment is reversed, and the cause remanded to the court below for further proceedings not inconsistent with this opinion.